IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF TEXAS
HOUSTON DIVISION

| | | |
|---|---|---|
| MICHAEL JOSEPH GUERRA, | § | |
| | § | |
| *Petitioner*, | § | |
| | § | |
| v. | § | CIVIL ACTION NO. H-09-0380 |
| | § | |
| NATHANIEL QUARTERMAN, | § | |
| | § | |
| *Respondent.* | § | |

**MEMORANDUM OPINION AND ORDER**

Michael Joseph Guerra, a state inmate proceeding *pro se*, seeks habeas corpus relief under 28 U.S.C. § 2254 challenging his prison disciplinary convictions. Respondent filed a motion for summary judgment (Docket Entry No. 9), to which petitioner responded. (Docket Entry No. 11.)

Based on consideration of the pleadings, the motion and response, the record, and the applicable law, the Court GRANTS summary judgment and DISMISSES this case for the reasons that follow.

*Background and Claims*

Petitioner was convicted of aggravated robbery on February 5, 1999, and sentenced to twenty years' incarceration. On June 20, 2008, he was found guilty of the prison disciplinary infractions of possession of a cell phone (as contraband) and assaulting a prison officer. He was punished with commissary and cell restrictions, a reduction in line class, and

loss of 600 days good time credit. Petitioner's Step 1 and Step 2 grievances appealing the convictions were denied.

Petitioner raises various due process challenges to the disciplinary hearing and complains of insufficiency of the evidence to support the findings of guilty. Respondent seeks summary judgment, and argues that petitioner has no protected liberty interest arising from the disciplinary convictions as he is not eligible for mandatory supervised release.

*Analysis*

In order to challenge a prison disciplinary conviction by way of a federal petition for a writ of habeas corpus, a petitioner must, at minimum, be eligible for mandatory supervised release and have received a punishment sanction which included forfeiture of previously accrued good time credits. *See Malchi v. Thaler*, 211 F.3d 953, 958 (5th Cir. 2000). Petitioner admits that, at the time of the disciplinary conviction, he was serving a twenty-year sentence for aggravated robbery. (Docket Entries No. 1, p. 2; No. 11, p. 13.) Public on-line records for the Texas Department of Criminal Justice reveal that petitioner committed the offense on March 6, 1997, and was sentenced on February 5, 1999.

Respondent asserts that because petitioner was convicted of aggravated robbery, he is not eligible for mandatory supervised release and has no protected liberty interest in his good time credits. Petitioner responds that, "in my opinion and pursuant to my own personal belief I am eligible for mandatory supervision irrespective of the respondent's assertions in this action." (Docket Entry No. 11, p. 13.) An inmate's eligibility for mandatory supervised

2

release is a matter of state law, and petitioner's opinions and personal beliefs as to his eligibility do not raise a genuine issue of material fact precluding summary judgment in this case.

Under state law, an inmate's eligibility for mandatory supervised release is determined by the statute in effect at the time he committed his current holding offense. *Ex parte Hall*, 995 S.W.2d 151, 152 (Tex. Crim. App. 1999). The mandatory supervised release statute in effect at the time petitioner committed the offense of aggravated robbery provided that, "[an] inmate may not be released to mandatory supervision if the inmate is serving a sentence for . . . a first degree felony under Section 29.03, Penal Code [Aggravated Robbery]." Art. 42.18, TEX. CODE CRIM. P. Aggravated robbery is a first degree felony. TEX. PENAL CODE § 29.03(b). Accordingly, pursuant to state law, petitioner is not eligible for mandatory supervised release, and has no protected liberty or due process interest in his good time credits.[1]

Moreover, and without regard to his eligibility for mandatory supervised release, petitioner has no protected liberty interests in the other punishments assessed for his disciplinary convictions. *See Sandin v. Conner*, 515 U.S. 472 (1995); *Malchi*, 211 F.3d at 958-59; *Harper v. Showers*, 174 F.3d 716, 719 (5th Cir. 1999).

---

[1] In ruling on the motion for summary judgment, the Court has not relied on respondent's unsworn Exhibit A.

Petitioner fails to establish a due process violation regarding his disciplinary proceedings, and no grounds for federal habeas relief are shown. Respondent is entitled to summary judgment dismissing this petition.

*Conclusion*

The motion for summary judgment (Docket Entry No. 9) is GRANTED and this case is DISMISSED WITH PREJUDICE. Any and all pending motions are DENIED AS MOOT. A certificate of appealability is DENIED.

The Clerk will provide copies of this order to the parties.

Signed at Houston, Texas, on July 21, 2009.

_____
Gray H. Miller
United States District Judge